E-filed 9/28/2016

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADEEL ZAMAN,<br><br>        Plaintiff,<br><br>    v.<br><br>KELLY SERVICES, INC.,<br><br>        Defendant. | Case No.  15-cv-04601-HRL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 30 |

Defendant Kelly Services, Inc. ("Kelly") moves for summary judgment on all six claims brought by plaintiff Adeel Zaman ("Zaman"). For the reasons explained below, the court grants summary judgment on claims one through five, and denies it with respect to claim six.

**FACTUAL BACKGROUND**

Zaman is a United States citizen by birth and a veteran of the United States Marine Corps. He is also a Pakistani-American and a Muslim. Zaman Decl., at ¶ 1. In late 2014, Zaman was hired by Kelly, a temporary employment agency, and placed in an 18-month assignment at Intel. *Id.* at ¶ 3.

Before Kelly hired him, Zaman was arrested in January 2014 for "alleged corporal injury to a spouse." Zaman Decl., at ¶ 5. The severity of the physical contact involved in the incident is disputed, though Zaman admits that he slapped his (now ex-) wife's face. Def.'s Ex. 1, at 83:11-20. Zaman disclosed the pending criminal matter to Kelly. Zaman Decl., at ¶ 8.

Kelly runs background checks and evaluates its applicants using the company's Criminal Behavior Matrix and Policy. Corby Decl., at ¶¶ 4, 6; Def.'s Exs. 6, 7. The Policy states that Kelly does not hire applicants or continue to employ individuals convicted of crimes of physical violence, but that it may hire applicants with pending charges who deny their guilt. Def.'s Exs. 6, 7. Since Zaman denied the charges against him, Kelly hired him. Corby Decl., at ¶ 10.

As his criminal case proceeded, Zaman was offered a plea deal by prosecutors: if he plead nolo contendere to a misdemeanor count of simple battery, the prosecutor would drop the domestic violence charges. Zaman Decl., at ¶ 10. Zaman decided to accept this deal after talking to Hana Imeri, a Kelly employee, who he alleges told him that such a plea would not lead to his termination. Zaman Decl., at ¶ 10. In January of 2015, Zaman plead nolo contendere and was convicted of a misdemeanor count of simple battery. Zaman Decl., at ¶ 11. He reported these developments to Kelly. Zaman Decl., at ¶ 11.

Two days later, Kelly terminated his employment. Zaman Decl., at ¶14. The letter Kelly sent Zaman explaining this action did not reference his termination, but instead stated that "Kelly is considering denying you an offer of employment" based on Zaman's "pre-background screen." Pl.'s Ex. C.

Zaman initiated this action several months later in state court, bringing six claims. Dkt. No. 1, Ex. A. Zaman's first three claims allege discriminatory termination in violation of the Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12900 *et seq.*, on the basis of religion, ethnicity, and perceived disability. His fourth claim alleges wrongful termination against public policy. And his fifth and sixth claims seek a statutory penalty and injunctive relief for Kelly's alleged failure to provide personnel information in violation of California Labor Code Section 1198.5.

After removing on the basis of diversity jurisdiction, Dkt. No. 1, Kelly filed the current motion for summary judgment, arguing that Zaman fails to establish a prima facie case of discrimination, and, in any event, that Kelly had a legitimate non-discriminatory reason for his termination. Kelly also argues that it has provided Zaman with his personnel files and that his fifth and sixth claims are moot.

**DISCUSSION**

**1. Legal Standard**

The court should grant a motion for summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At summary judgment, the moving party bears the initial burden of producing evidence

demonstrating the absence of a triable issue of material fact; or, if the nonmoving party would bear the burden of proof on an issue at trial, the moving party need only show an absence of evidence in support of a claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 325 (1986). If the moving party meets this burden, the burden shifts to the non-moving party to demonstrate a genuinely disputed fact. *Id.* at 324. A "genuine issue" of material fact exists if the non-moving party's evidence, viewed in the light most favorable, "is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

In evaluating a motion for summary judgment, the court draws all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). But if the moving party carries its burden, the non-moving party must produce enough admissible evidence to create a genuine issue of material fact; speculative testimony is not sufficient. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

**2. Evidentiary Objections and Requests for Judicial Notice**

In considering whether the parties' have met their respective burdens, we first determine which evidence is properly before the court.

**a. The Request for Judicial Notice of Kelly's Exhibit 4**

Kelly requests that the court take notice of Defendant's Exhibit 4, the reporter's transcript of proceedings from the 2014 Domestic Violence Restraining Order Hearing, arguing that it is noticeable under Federal Rule of Evidence 201(b)(2) because its accuracy is beyond question. Zaman opposes judicial notice of Exhibit 4 on the grounds that it is irrelevant and hearsay.

Courts "'may take notice of proceedings in other courts . . . ,'" including transcripts, "'if those proceedings have a direct relation to matters at issue.'" *Lyles v. Ford Motor Credit Co.*, No. SACV 12-1736 AG, 2013 WL 987723, at *2 (N.D. Cal., Mar. 11, 2013), quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

The court takes judicial notice of Defendant's Exhibit 4 but does not adopt its factual findings or holdings. Judicial notice of the transcript is appropriate, as it is a record of a proceeding in another court that is relevant to the present matter. The hearing concerns Zaman's conduct towards his ex-wife, which could make his termination for violent criminal behavior more

3

1  or less likely.

2  Plaintiff's hearsay objection concerns the contents of Exhibit 4, not its existence, and the
3  court's judicial notice encompasses only the latter.  As neither parties' arguments depend upon the
4  contents of this transcript, the court declines to rule on this objection at this time.

5      **b. Plaintiff's Objection to the Statement Re: Personnel Files in Zaman's Deposition**

6  Zaman objects that his statement that he eventually received his personnel file, Def.'s Ex.
7  1, at 167:4-14, is inadmissible for lack of foundation, since it is impossible for Zaman to know
8  whether he received his complete file.  The court overrules the objection inasmuch as Zaman's
9  statements demonstrate that he received *some* documents, but sustains it inasmuch as the statement
10 is an admission to receiving the whole file.

11     **c. Plaintiff's Objection to Paragraph 10 of the La Val Declaration**

12 Zaman objects that La Val's statement, "my office provided Mr. Zaman's counsel with his
13 personnel file[,]" is inadmissible because there is "no indication that the declarant has personal
14 knowledge of the event."  Dkt. No. 31, at 13.  A witness's personal knowledge of facts may be
15 established by the witness's own testimony.  Fed. R. Evid. 602.  Here, La Val states that she is an
16 associate at the firm representing Kelly in this matter.  La Val Decl., ¶ 1.  This is a sufficient basis
17 to establish her personal knowledge of the activities of her office with respect to the present
18 litigation.  *See Self-Ins. Inst. of Am., Inc. v. Software and Info. Indus. Ass'n*, 208 F. Supp. 2d 1058,
19 1063 (C.D. Cal. 2000).  This objection is overruled.

20     **d. Plaintiff's Objection to Defendant's Exhibits 2 and 3**

21 Zaman objects that Defendant's exhibits 2 and 3, police reports from the Santa Clara
22 Police Department and accompanying declarations from the Department's Custodian of Records,
23 are not probative of any disputed issue and lack foundation.  Federal Rule of Evidence 402
24 requires evidence to be probative of a fact "of consequence in determining the action."  It does not
25 require that the fact be disputed.  The events described in the police reports are probative of
26 Zaman's conduct and the reasons for his arrest, which is probative of Kelly's reasons for
27 terminating him.  As for foundation, the reports detail the observations of the responding officers.
28 Not every statement contained in the reports may be admissible, but the court overrules Zaman's

objections to the exhibits as a whole.

 **e. Plaintiff's Objection to Defendant's Exhibit 10, Criminal Behavior Disclosure**

  Zaman objects to Defendant's Exhibit 10, Kelly's Criminal Behavior Disclosure form electronically signed by Zaman, on the basis that it is misleading and irrelevant, since both Zaman and Kelly admit that he disclosed his pending charges. The court overrules this objection, as this document relates to Kelly's knowledge of Zaman's criminal behavior or lack thereof, and it does not contradict or confuse Zaman's other disclosures.

 **f. Plaintiff's Objections to the Deposition of Tehmina Khan**

  Zaman objects to the Deposition of Tehmina Khan, his ex-wife, on the grounds that she answered Defendant's questions but refused to answer Plaintiff's questions. As neither parties' arguments depend on this deposition, the court declines to rule on this objection at this time.

 **g. Defendant's Objection to Zaman Declaration, Paragraph 4, Lines 5-6**

  Kelly objects that Zaman's statement, "I was informed by my supervisor at Intel . . . that I was doing an excellent job[,]" is hearsay not within any exception. Hearsay is an out-of-court statement offered to prove the truth of the matter asserted. Fed. R. Ev. 801. The supervisor's statement is offered to prove its truth—that Zaman was doing an excellent job—so this objection is sustained.

 **h. Defendant's Objection to Zaman Declaration, Paragraph 5, Lines 8-10**

  Kelly objects that Zaman's statement that his ex-wife "began accusing me of being a terrorist, of abusing her, . . . and finally of physically attacking her" is hearsay not within any exception. Zaman's statement is not offered to prove the truth of the matter asserted—that Zaman is a terrorist, abused his wife, or physically attacked her—but to prove that his wife made these statements. This objection is overruled.

 **i. Defendant's Objection to Zaman Declaration, Paragraph 6, Lines 13-14**

  Kelly objects that Zaman's statement, "My now ex-wife told me . . . that [she] would take steps to make sure I could never find work in the Bay Area," is hearsay not within any exception. Statements of the declarant's then-existing state of mind, including statements of intent or plan, are not excluded by the rule against hearsay. Fed. R. Ev. 803(3); *Mutual Life Ins. Co. of New York*

5

*v. Hillmon*, 145 U.S. 285, 299-300 (1892). This objection is overruled.

**j. Defendant's Objection to Zaman Declaration, Paragraph 7, Lines 21-23**

Kelly objects that Zaman's statements about Corby's ability to determine that a nolo plea to simple battery involved physical violence lack foundation as to personal knowledge. This objection is sustained. Zaman did not perceive or observe Corby's determinations.

**k. Defendant's Objection to Zaman Declaration, Paragraph 8, Lines 27-28**

Kelly objects that Zaman's statement that "[t]here was no credible evidence of spousal abuse or corporal injury" lacks foundation as to personal knowledge and constitutes an improper legal conclusion. Zaman, however, was involved in the criminal proceedings against him, and, to the extent that this statement can be read as a lay opinion and not a legal conclusion, this objection is overruled.

**l. Defendant's Objection to Zaman Declaration, Paragraph 10, Lines 4-5**

Kelly objects that Zaman's statement describing the prosecutor's plea offer is inadmissible as hearsay and as a plea discussion under Federal Rule of Evidence 410. Federal Rule of Evidence 410 prevents the use of statements from plea discussions *against* the defendant who participated in them; since this statement is offered in support of Zaman, this rule does not apply. Additionally, the prosecutor's offer is a statement with legal effect, like an offer to contract, and is not offered to prove the truth of the matter asserted. This objection is overruled.

**m. Defendant's Objection to Zaman Declaration, Paragraph 12, Lines 21-22**

Kelly objects that Zaman's statement that "[t]he new Count 2 had nothing to do with physical violence at all" lacks foundation as to personal knowledge and constitutes an improper legal conclusion. Zaman's participation in the criminal proceeding is sufficient to establish his personal knowledge of the charges. To the extent that this statement constitutes a lay opinion and not a legal conclusion, this objection is overruled. The court states no opinion at this point as to the truth or weight of Zaman's statement.

**n. Defendant's Objection to Zaman Declaration, Paragraph 15, Lines 21-22**

Kelly objects that Zaman's statement that "[t]his is a false statement on her [Mills's] part" lacks foundation as to personal knowledge. Zaman's testimony is based on his recollections of his

conversations with Mills, which suffices to support his personal knowledge.

**o. Defendant's Objection to Zaman Declaration, Paragraph 24, Lines 11-20**

Kelly objects that Zaman's statements clarifying—or, as Kelly urges, contradicting—his deposition are inadmissible because "[a] party may not create an issue of fact by an affidavit contradicting his prior deposition testimony." Dkt. No. 35, at 17. As this is not an evidentiary objection but an argument about whether Zaman creates a genuine issue of material fact, the court declines to resolve it here.

**p. Defendant's Objection to Plaintiff's Exhibit A**

Kelly objects to Plaintiff's Exhibit A, the Reporter's Transcript of Plea and Sentencing, on the grounds that it is hearsay and that it has not been properly authenticated. As neither parties' arguments depend upon this deposition, the court declines to rule on this objection at this time.

**q. Defendant's Objection to Plaintiff's Exhibit E**

Kelly objects that the entire letter from Jon Parsons dated March 3, 2015, is hearsay. At the summary judgment stage, however, "evidence need not be submitted 'in a form that would be admissible at trial.'" *Argo v. Blue Cross and Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2008), quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). For example, affidavits that would be hearsay if presented at trial may be considered at summary judgment, provided that the statements contained therein would be admissible. *Id.* The court declines to exclude this entire letter on hearsay grounds.

The court now addresses Kelly's motion for summary judgment on Zaman's six claims.

**3. FEHA Claims: Discrimination on the Basis of Religion, Ethnicity, and/or Disability**

California has adopted the "three-stage burden-shifting test" used by federal courts to resolve discrimination cases. *Guz v. Bechtel Nat'l, Inc.*, 24 Cal. 4th 317, 354 (2000). To survive a motion for summary judgment, the plaintiff must first establish a prima facie case of discrimination by "at least show[ing] actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not" that such actions were motivated by discrimination. *Id.* at 355 (internal quotation marks omitted). If the plaintiff satisfies this burden, it is then up to the employer to demonstrate a "legitimate, nondiscriminatory" reason for

its action. *Id.* at 355-56. The plaintiff may succeed even if the employer carries its burden by demonstrating that the nondiscriminatory reason was pretextual. *Id.* at 356.

Zaman fails to demonstrate that "it is more likely than not" that Kelly's actions were motivated by discrimination on the basis of religion, ethnicity, or disability (or perceived disability). Zaman admits that he never heard, observed, or was told about any Kelly employee acting or speaking in a way that showed a bias against Muslims, people of Pakistani ethnicity, or people with disabilities, and, further, that he had "no reason to believe" any Kelly employee was so biased. Defendant's Ex. 1, at 74:18 - 76:23. Additionally, the Kelly employees most closely involved in Zaman's termination, Corby and Mills, state in their declarations that they had no knowledge of Zaman's protected characteristics. Mills Decl., at ¶ 5; Corby Decl., at ¶ 13; *see Brundage v. Hahn*, 57 Cal. App. 4th 228, 236 (1997) (holding that summary judgment was appropriate where the employer's staff did not know of a plaintiff's protected characteristics).

Zaman's theory of discrimination also does not rise above the level of speculation. Zaman argues that his ex-wife and/or some of her relatives contacted Kelly and spoke against him, saying he was a "terrorist" and a "crazy veteran." Def.'s Ex. 1, at 153:6-15. But his strongest evidence for this theory is his account of a conversation with Nafisa Din, one of his ex-wife's relatives. Din told him, Zaman states, that his former in-laws contacted "the authorities" saying that he is a terrorist, but she was unable to say whether anybody contacted Kelly. *Id.* Zaman does not have any direct evidence that anybody at Kelly spoke to his former in-laws, or that such conversations contributed to his termination. He has only his belief and his suspicions, Zaman Decl., at ¶ 24, and that is not enough to carry his burden. 960 F. Supp. 227, 231 ("Plaintiff's subjective believe that [the employer's] actions were discriminatorily motivated simply is not sufficient to withstand summary judgment."). There is nothing here, even when viewed in the light most favorable, that would allow a reasonable jury to draw an inference of discrimination.

On top of this, Kelly produces evidence that establishes a legitimate, nondiscriminatory reason for the termination. Kelly argues, and supports with the declarations of employees Corby and Mills, that Zaman was terminated as a result of his conviction for battery pursuant to the company's policy of firing employees convicted of crimes involving violence. Mills Decl., at ¶¶

8

3, 4; Corby Decl., at ¶ 12; Def.'s Exs. 6, 7.  This type of company policy creates a legitimate non-discriminatory reason for termination.  *Day v. Sears Holding Corp.*, 930 F. Supp. 2d 1146, 1170 (C.D. Cal. 2013).

Zaman's argument that a "constellation" of inconsistencies and oddities in Kelly's narrative reveals that Kelly's non-discriminatory justification was pretextual does not succeed.  While indirect evidence can defeat an employer's summary judgment motion if it "undermines the credibility of the employer's articulated reasons," *Noyes v. Kelly Services*, 488 F.3d 1163, 1171 (9th Cir. 2007), the court is not persuaded that Zaman's evidence accomplishes this end.  Zaman argues that the following evidence cumulatively undermines Kelly's assertion that his termination was based on his criminal conviction: (1) Kelly's statement that it was declining to offer Zaman employment rather than terminating him; (2) Kelly's statement that its actions were based on its background investigation rather than Zaman's conviction; (3) Kelly's failure to turn over the background report; (4) Kelly's conclusion that the nolo contendere plea to simple battery involved physical violence; and (5) Kelly's alleged failure to turn over the personnel records.  Zaman's criminal conviction was related to a charge that had been pending when the background investigation was completed, so (1) and (2) are consistent with Kelly's nondiscriminatory justification, even if (1) is a strange (or incorrect) choice of words.  And while (3) through (5) suggest that Kelly's staff may be wrong or inept, they do not cast Kelly's justification into doubt.  The inference Zaman's evidence creates is one of bureaucratic mistakes, not one of discrimination or sinister dissembling.  And "[u]nder FEHA, defendant's true reasons, 'if nondiscriminatory, . . . need not necessarily have been wise or correct.'"  *Id.* at 1169, quoting *Guz v. Bechtel National, Inc.*, 24 Cal. 4th 317, 358 (2000).  Zaman fails to show that Kelly's reason was pretextual.

Finally, Zaman fails to create a genuine issue of material fact.  A "material fact" is one that could affect the outcome of the suit under the relevant substantive law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The dispute over Imeri's statement is irrelevant to whether Kelly fired Zaman for discriminatory reasons or because of his criminal conviction.  The same is true with respect to the disputes over Zaman's conversations with Corby and Mills and the severity of Zaman's conduct leading to his arrest and conviction.  For the reasons explained above,

1 none of these disputes, if resolved in Zaman's favor, creates an inference of discrimination, and
2 none undermines the credibility of Kelly's nondiscriminatory justification. None of these facts are
3 material.
4     The court grants defendant's motion for summary judgment as to the three FEHA claims.

### 4. Plaintiff's Wrongful Termination Claim

In California, an at-will employee may recover damages if he was discharged in violation of public policy as set out in constitutional, statutory, or regulatory provisions. *Green v. Ralee Eng'g Co.*, 19 Cal. 4th 66, 71-72 (1998). "[A]lleged violations of internal practices that affect only the employer's or employee's interest, and not the general public's interest, will not give rise to tort damages." *Id.* at 75.

Plaintiff asserts that Kelly's termination of his employment violated public policy because of its discriminatory nature, adding that his termination was motivated in part by discrimination on the basis of his military service. However, Zaman also admits that he has no reason to believe that Kelly employees are biased against veterans, Ex. 1, at 150:2-20, and his theory of discrimination on the basis of his military status is not supported by any more evidence than his theories regarding discrimination on the basis of the other protected characteristics. Because plaintiff, as explained above, is unable to establish a prima facie case of discrimination (on the basis of religion, ethnicity, disability, or military status), he cannot demonstrate wrongful termination in violation of public policy, and defendant is entitled to summary judgment on plaintiff's wrongful termination claim. *See Hanson v. Lucky Stores, Inc.*, 74 Cal. App. 4th 215, 230 (1999) ("because [plaintiff's] FEHA claim fails, his claim for wrongful termination in violation of public policy fails.").

### 5. Plaintiff's Claims Re: Violation of California Labor Code Section 1198.5

Zaman asserts that he is entitled to a statutory penalty of $750, an injunction to compel the release of his entire personnel file, and attorney's fees and costs related to securing such an injunction under California Labor Code Section 1198.5. This section states that, within 30 days of receiving a written request from a former employee, an employer must provide access to "the personnel records that the employer maintains relating to the employee's performance or to any

10

1    grievance concerning the employee." Cal. Labor Code § 1198.5(a), (b).

2        The court first addresses Kelly's argument that summary judgment is appropriate because Section 1198.5 does not create a private right of action. Section 1198.5(k) states that "the current or former employee . . . may recover a penalty of seven hundred fifty dollars" from the employer for violations of this statute, and Section 1198.5(l) permits actions for injunctive relief, plus related attorney's fees and costs. While Kelly is correct that this section does not permit damages in excess of $750, it does create a right of action by individuals to recover the statutory penalty. *Abiola v. ESA Mgmt., LLC*, 13-cv-03496-JCS, 2014 WL 988928, at *4 (N.D. Cal., Mar. 3, 2014); *see also Goehring v. Chapman Univ.*, 121 Cal. App. 4th 353, 377-78 (2004) (holding that a statute requiring schools that violate the law to refund students' fees created private rights of action for students to pursue their refund claims).

    In addition to its private right of action argument, Defendant Kelly asserts that summary judgment is appropriate for two reasons: first, because Kelly has tendered $750, La Val Decl., at ¶ 11, Zaman's claim for the statutory penalty is moot; and second, because Zaman ultimately received his personnel file, La Val Decl., at ¶ 10, the claim for injunctive relief is moot. Zaman argues that he has not accepted the $750 payment, Zaman Decl., at ¶ 23, that he did not receive a response to his request for his files until after litigation began, Zaman Decl., at ¶ 22, and that there is no evidence that he has received his entire file, Dkt. No. 31.

    With respect to the claim for injunctive relief, a material fact remains in dispute—whether Zaman has received his entire personnel file. But even if Kelly has provided the entire personnel file, it did so only after Zaman retained an attorney and filed suit. Thus, his sixth claim is not mooted, as Zaman's claim for his attorney's fees and costs remains unresolved. The court denies Kelly's motion for summary judgment on plaintiff's sixth claim.

    As for the statutory penalty, Zaman requested his personnel file on March 3, 2015, Pl.'s Ex. E, and asserts that he did not receive any documents until after initiating this suit, Zaman Decl., at ¶ 22. Kelly admits to providing the file after this litigation commenced. La Val Decl., at ¶ 10. Zaman's complaint was filed June 10, 2015, more than 30 days after his request for documents. Dkt. No. 1, Ex. A.

1    This evidence would be sufficient for plaintiff's fifth cause of action to survive the motion
2 for summary judgment but for the fact that the claim is mooted by Kelly's tender of $750.  A
3 defendant's tender of the full amount of plaintiff's damages under a claim may moot that claim.
4 *Holstein v. City of Chicago*, 29 F.3d 1145, 1147 (7th Cir. 1994) ("A case becomes moot . . . when
5 one of the parties loses his personal interest in the outcome of the suit."); *Griffith v. Sullivan*, 987
6 F.2d 25, 27 (1st Cir. 1993) (dismissing a case as moot where the plaintiff "has already received
7 everything that he claims he was entitled to recover.").  Under Zaman's fifth claim for statutory
8 damages, all he is entitled to recover is $750, and Kelly has tendered this amount.  This claim is
9 therefore moot, and the court grants Kelly's motion for summary judgment with respect to
10 Zaman's fifth claim.

**CONCLUSION**

12    For the reasons explained above, defendant Kelly's motion for summary judgment is
13 granted with respect to Zaman's claims one through five and denied with respect to claim six.
14 **IT IS SO ORDERED.**
15 Dated: 9/28/2016

HOWARD R. LLOYD
United States Magistrate Judge