E-filed 1/11/2017

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ADEEL ZAMAN, | Case No.15-cv-04601-HRL |
|---|---|
| Plaintiff, | **ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |
| v. | |
| KELLY SERVICES, INC., | Re: Dkt. No. 44 |
| Defendant. | |

Pending before the court is defendant Kelly Services, Inc.'s ("Kelly") motion for judgment on the pleadings. Dkt. No. 44. Kelly asserts that, as a matter of law, the court cannot grant the relief sought by plaintiff Adeel Zaman ("Zaman") related to the one claim remaining in this suit after the court's summary judgment order. Dkt. Nos. 44, 42. The claim in question is one for injunctive relief under California Labor Code Section 1198.5. Kelly asserts that a provision of this section precludes the award of injunctive relief during the pendency of a lawsuit, like this one, related to personnel matters. Dkt. No. 44.

As this matter has been thoroughly briefed, the court finds it suitable for determination without oral argument pursuant to Civil Local Rule 7-1(b) and vacates the hearing set for January 17, 2017. For the reasons explained below, the court denies the motion for judgment on the pleadings.

## BACKGROUND

This action was primarily an employment discrimination dispute related to Zaman's allegations of discriminatory termination on the basis of race, religion, and military status.[1] The facts in this matter are described at length in the court's order on the defendant's motion for

---

[1] The court's jurisdiction is based on diversity of citizenship. Dkt. No. 1. Additionally, both parties have consented to magistrate judge jurisdiction. Dkt. Nos. 6, 7.

summary judgment, and the court does not repeat them in full here. Zaman brought six claims, including three for violation of California's Fair Employment and Housing Act, one for wrongful termination in violation of public policy, one seeking a statutory penalty for Kelly's alleged failure to comply with the provisions of California Labor Code Section 1198.5, and one for injunctive relief under the latter statute. Dkt. No. 1. Zaman's claims under Section 1198.5 related to Kelly's alleged failure to timely provide Zaman with access to his personnel files.

In September 2016, the court granted summary judgment in favor of the defendant on five of Zaman's six claims, including all four of the claims related to discriminatory termination. Dkt. No. 42. The court determined that Zaman's fifth claim, for a statutory penalty under Section 1198.5, had been mooted by Kelly's tender of the $750 penalty, but the court denied summary judgment on the sixth claim for injunctive relief plus related attorney's fees and costs under the same section. The court stated that, with respect to the latter claim, "a material fact remains in dispute—whether Zaman has received his entire personnel file. But even if Kelly has provided the entire personnel file, it did so only after Zaman retained an attorney and filed suit. Thus, his sixth claim [for injunctive relief] is not mooted, as Zaman's claim for his attorney's fees and costs remains unresolved." Dkt. No. 42.

In November 2016, Kelly filed the present motion for judgment on the pleadings. Kelly asserts that California Labor Code Section 1198.5(n) prevents Zaman from obtaining the relief sought. That section states: "If an employee or former employee files a lawsuit that relates to a personnel matter against his or her employer or former employer, the right of the employee, former employee, or his or her representative to inspect or copy personnel records under this section ceases during the pendency of the lawsuit in the court with original jurisdiction." Cal. Lab. Code § 1198.5(n). Kelly argues that this section means that Zaman's right to injunctive relief to obtain his personnel files ceased upon the filing of this suit. Dkt. No. 44. Zaman responds by pointing to Section 1198.5(*l*), the provision giving employees a right to bring an action for injunctive relief, and argues that Kelly's reading of the statute "creates an internal inconsistency within Section 1198.5 by granting the employee injunctive relief, but taking away that right as soon as the employee files suit to exercise it." Dkt. No. 48. The present motion requires the court

2

to resolve this question of statutory interpretation.

## LEGAL STANDARD

A motion for judgment on the pleadings may be brought "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).  Rule 12(c) motions, like motions to dismiss for failure to state a claim upon which relief may be granted, test the legal sufficiency of a claim.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).  The court's analysis of a 12(c) motion is "substantially identical" to its analysis of a 12(b)(6) motion.  Under both rules, "'a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy.'"  *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

## DISCUSSION

As an initial matter, the court must determine whether the motion for judgment on the pleadings was procedurally proper under Federal Rules of Civil Procedure 12(c) (concerning the timeliness of motions for judgment on the pleadings) and 16 (concerning requests to modify scheduling orders).  The scheduling order in this case set September 20, 2016, as the last day for a hearing on dispositive motions, Dkt. No. 18, and a later order set the pre-trial conference for November 29, 2016, Dkt. No. 39.  When Kelly filed the present motion in early November, it also moved the court to continue the pre-trial conference date to allow for a hearing on this motion, which, it asserted, could dispose of the case prior to trial.  Dkt. No. 45.

The court's order on Kelly's motion to continue the pre-trial conference addressed the procedural aspects of Rules 12(c) and 16.  Dkt. No. 49.  In that order, the court stated that it was not persuaded that the defendant's motion would delay trial, as no date for trial had been set.  *Id.*  Concerning whether good cause exists to modify the scheduling order, Kelly argued that the potentially case-dispositive nature of its present motion and the related efficiencies in potentially avoiding trial constituted good cause.  The court agreed, and modified the scheduling order.  Dkt. No. 49.

3

Turning now to the substantive aspects of the present motion, Kelly's 12(c) motion presents a question of statutory interpretation. California Labor Code Section 1198.5, in relevant part, states:

> (a) Every current and former employee, or his or her representative, has the right to inspect and receive a copy of the personnel records that the employer maintains relating to the employee's performance or to any grievance concerning the employee.
> (b)(1) The employer shall make the contents of those personnel records available for inspection to the current or former employee, or his or her representative, at reasonable intervals and at reasonable times, but not later than 30 calendar days from the date the employer receives a written request . . . . Upon a written request from a current or former employee, or his or her representative, the employer shall also provide a copy of the personnel records . . . not later than 30 calendar days from the date the employer receives the request . . . .
> . . .
> (k) If an employer fails to permit a current or former employee, or his or her representative, to inspect or copy personnel records within the times specified in this section . . . , the current or former employee or the Labor Commissioner may recover a penalty of seven hundred fifty dollars ($750) from the employer.
> (l) A current or former employee may also bring an action for injunctive relief to obtain compliance with this section, and may recover costs and reasonable attorney's fees in such an action.
> . . .
> (n) If an employee or former employee files a lawsuit that relates to a personnel matter against his or her employer or former employer, the right of the employee, former employee, or his or her representative to inspect or copy personnel records under this section ceases during the pendency of the lawsuit in the court with original jurisdiction.
> (o) For purposes of this section, a lawsuit 'relates to a personnel matter' if a current or former employee's personnel records are relevant to the lawsuit.

Cal. Lab. Code § 1198.5.

Kelly argues that this statute—and particularly sub-section (n)—bars Zaman from obtaining the relief he seeks. Kelly asserts that Zaman is a "former employee" who "file[d] a lawsuit . . . relate[d] to a personnel matter" against his former employer and that the lawsuit is still pending before the court with original jurisdiction. As a result, Kelly claims, Zaman's right "to inspect or copy personnel records under this section ceases"—that is, it no longer exists for as long

4

as the suit remains pending before the court.  Kelly reads this cessation of Zaman's right to inspect or copy his personnel file to preclude a right to injunctive relief to obtain that file, thus disposing of the final remaining claim in this suit.  Kelly bases its argument on the plain language of the statute, which it views as unambiguously suspending the right to injunctive relief during the pendency of a lawsuit related to a personnel matter.  Kelly further argues that its reading of the statute makes sense, as the legislature must have wanted *only* civil discovery processes to govern employers' obligations to produce personnel information during a civil action.  If injunctive relief were still available at the same time as civil discovery, Kelly asserts, employers could be "subjected to potentially conflicting document production obligations."  Dkt. No. 44.

Zaman proposes a different reading of the statute.  In Zaman's view, the statute creates two distinct rights: a right to inspect and copy personnel records after written notice prior to a lawsuit, and a right to compel the production of records that have been wrongly withheld by the employer after written notice. Zaman argues that the first right—to inspect and copy after written notice—is terminated by Section 1198.5(n), but that the second right to injunctive relief provided by subdivision (*l*) persists.  Dkt. No. 50.  Zaman's reading, in essence, suggests that Kelly has ignored some of the relevant provisions of Section 1198.5.  Kelly responds, however, that Zaman's reading requires the addition of words into subdivision (n).  It asserts that Zaman requires the court to add a clause stating that the right to copy or inspect personnel records ceases "unless the former employee has already requested the records before the lawsuit commenced." Dkt. No. 51.

Federal courts analyzing California statutes apply California's principles of statutory construction.  *Bain v. United Healthcare Inc.*, No. 15-cv-03305-EMC, 2016 WL 4529495, at *7 (N.D. Cal. Aug. 30, 2016); *Coalition for ICANN Transparency, Inc. v. Verisign, Inc.*, 452 F. Supp. 2d 924, 938 (N.D. Cal. 2006).  In interpreting a statute, California courts first examine the plain meaning of the statutory language.  *Martinez v. Combs*, 49 Cal. 4th 35, 51 (2010); *MacIsaac v. Waste Mgmt. Collection and Recycling, Inc.*, 134 Cal. App. 4th 1076, 1082 (2005).  "If the statutory language is clear and unambiguous, our task is at an end, for there is no need for judicial construction."  *MacIsaac*, 134 Cal. App. 4th at 1083.  Courts do not view the plain meaning of the

statutory language in isolation, but instead "construe the words of the statute in context, keeping in mind the statutory purpose." *Id.*; *Martinez*, 49 Cal. 4th at 51.  Only if the statutory language is ambiguous does the court turn to extrinsic sources, such as legislative history and cannons of statutory construction.  *Id.*  If uncertainty persists, the court may apply its common sense and "'consider the consequences of a particular interpretation, including its impact on public policy.'" *Martinez*, 49 Cal. 4th at 51 (quoting *Wells v. One2One Learning Found.*, 39 Cal. 4th 1164, 1190 (2006)).

The plain language of Section 1198.5 supports Zaman's reading.  The statute is primarily concerned with securing the right of an employee or former employee to access—that is, to inspect or copy—personnel records.  The statute expressly provides two remedies for an employer's failure to provide such access following a written request: the statutory penalty under subdivision (k), and injunctive relief (as well as attorney's fees and costs) under subdivision (*l*).  Though subdivision (n) states that certain rights of the employee cease during the pendency of a lawsuit related to personnel matters, the right that ceases is the right "to inspect or copy personnel records"—not the right to injunctive relief.  That is, once the employee or former employee has filed a lawsuit, he or she no longer has the right to demand to inspect or copy personnel records in a written notice that will trigger the employer's obligation to timely comply or face the statutory remedies.  But subdivision (n) says nothing about the right to injunctive relief.  To give effect to subdivision (*l*), this right must survive.

To expand on the latter assertion, Kelly's reading of the statute guts the injunctive relief provision.  Under Kelly's interpretation, an employee who submitted a written request to inspect or copy personnel records but was denied could not exercise his or her right to injunctive relief to obtain compliance with Section 1198.5, because as soon as he or she sued to enforce that right, he or she would fall under the provisions of subdivision (n) and the right would cease.[2]  The legislature cannot have intended this nonsensical result.

---

[2] Kelly could argue that a suit for injunctive relief to obtain compliance with Section 1198.5 would not constitute a "lawsuit that relates to a personnel matter," but subdivision (o) defeats this argument.  Subdivision (o) defines a lawsuit related to a personnel matter as a lawsuit in which "a current or former employee's personnel records are relevant to the lawsuit."

Kelly cites California Code of Civil Procedure Section 1858 to discourage the court from adopting Zaman's reading of the statute, arguing that plaintiff's version requires reading additional words into subdivision (n), but Section 1858 actually cuts against Kelly.  Section 1858 states: "In the construction of a statute or instrument, the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted; and when there are several provisions or particulars, such a construction is, if possible, to be adopted as will give effect to all."  Contrary to the guidance of this statute, Kelly's reading of Section 1198.5 gives effect only to subdivision (n) to the exclusion of subdivision (*l*).  Zaman's reading, in contrast, gives effect to all provisions of the section.  And Zaman's reading does not require the addition of words into subdivision (n).  As this court explained above, the plain language of subdivision (n) states that the right to "inspect or copy"—not the right to obtain injunctive relief—ceases.  If anything, it is Kelly's version of the statute that requires the court to add words that are not there.

## CONCLUSION

Zaman's claim for injunctive relief under California Labor Code Section 1198.5 survives during the pendency of this lawsuit.[3]  As a result, the court denies the motion for judgment on the pleadings.

**IT IS SO ORDERED.**

Dated: 1/11/2017

HOWARD R. LLOYD
United States Magistrate Judge

---

[3] The court, in ruling on this motion, states no opinion as to the factual merits of Zaman's claim.

7